DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Bernard Keith, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Between 2005 and 2007, Appellant, Bernard Keith, was indicted in six different cases involving twelve charges. In total, Keith was charged with (1) one count of escape, in violation of R.C. 2921.34(A), a felony of the second degree, (2) five counts of forgery, in violation of R.C. 2913.31(A)(3), two felonies of the fourth degree and three felonies of the fifth degree, (3) three counts of theft, in violation of R.C. 2913.02(A), felonies of the fifth degree, (4) two counts of identity fraud, in violation of R.C. 2913.49(B)(2), felonies of the fourth degree and *Page 2 
(5) one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree.
 {¶ 3} On September 6, 2007, Keith entered pleas of guilty in five of his pending criminal matters. Keith entered an Alford plea in his sixth case. After the court accepted Keith's pleas and entered a finding of guilt, the court notified him that if he wanted to proceed with sentencing, the court would proceed and he would be sentenced to two years of incarceration. Immediately thereafter, Keith fell to the floor, complaining of a medical problem. The court called for medical assistance and then recessed the proceedings. The court resumed the sentencing hearing on September 12, 2007. Before the court sentenced Keith, he made a motion to withdraw all of his guilty pleas. The trial court denied Keith's motion. Keith was sentenced to an aggregate term of two years of incarceration.
 {¶ 4} Keith timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE DETRIMENT OF [KEITH] WHEN IT DID NOT ALLOW HIM TO WITHDRAW HIS PLEAS BEFORE SENTENCING."
 {¶ 5} In his sole assignment of error, Keith asserts that the trial court abused its discretion and erred when it did not allow him to withdraw his pleas before sentencing. We disagree.
 {¶ 6} Crim. R. 32.1, which governs motions to withdraw guilty pleas, states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea." *Page 3 
As set forth in the rule, the manifest injustice standard governs post-sentence plea withdrawals. However, where the motion to withdraw comes before sentencing, the trial court should freely and liberally grant the motion. State v. Xie (1992), 62 Ohio St.3d 521, 527. Nonetheless,
 "`even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.'" State v. Roark (Dec. 6, 2001), 8th Dist. No. 79203, at *2, quoting Xie, 62 Ohio St.3d at 526.
 {¶ 7} "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." State v. DeWille (Nov. 4, 1992), 9th Dist. No. 2101, at *1. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ports v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} A trial court does not abuse its discretion in denying a motion to withdraw a plea where three elements are met. State v. Robinson, 9th Dist. No. 21583, 2004-Ohio-963, at ¶ 30. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full hearing prior to accepting the original guilty plea; and, finally, the *Page 4 
court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion. Id.
 {¶ 9} In this case, Keith contends that his pleas should be vacated because he did not enter his pleas knowingly, voluntarily and/or intelligently. Keith asserts that he told the trial court on several instances that he did not enter his pleas knowingly, voluntarily or intelligently. Keith makes no specific arguments in support of this contention.
 {¶ 10} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106,108.
 {¶ 11} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim. R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing Engle, 74 Ohio St.3d at 527. Pursuant to Crim. R. 11(C)(2):
 "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 5 
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 12} "The underlying purpose, from the defendant's perspective, of Crim. R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473, 479-80.
 {¶ 13} In determining whether the trial court complied with the constitutional requirements of Crim. R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" the court's acceptance of the guilty plea should be affirmed. State v. Anderson (1995), 108 Ohio App.3d 5, 9, quotingBallard, 66 Ohio St.2d at paragraph two of the syllabus. In the instant matter, this Court finds that the trial court complied with Crim. R. 11.
 {¶ 14} First, we note that the record reflects that the trial judge followed the strictures of Crim. R. 11(C) in order to ensure that Keith's pleas were intelligent, voluntary and knowing. The court reviewed Keith's charges and informed him of the possible sentences that could be imposed for a violation of each of the charges. The court also asked Keith whether he understood that he had entered a plea of guilty and/or an Alford plea to each of the charges. With regard to each of the charges, Keith responded that he understood that he had entered a guilty plea and/or an Alford plea. The court additionally advised Keith fully of the constitutional *Page 6 
rights he was waiving by entering his pleas.[1] Thereafter, the trial court asked Keith whether he understood the basis of the charges brought against him. Keith responded that he did. The trial court then asked whether Keith signed the guilty forms and waiver of rights forms on all the cases. Keith stated that he had signed them and had had an opportunity to review them with his attorney who explained them to him. Keith stated that he had signed the forms voluntarily without any benefits promised to him. With regard to the Alford plea, Keith agreed with the court that the reason he entered into the Alford plea was that even though he maintained his innocence, the evidence was such that he did not believe he could succeed at trial. Keith also stated that he understood everything about the proceedings. Upon review of the transcript, we find that Keith was afforded a full hearing prior to the court's acceptance of his pleas. *Page 7 
 {¶ 15} When the court resumed Keith's sentencing on September 12, 2007, Keith stated that he did not recall what had happened at the September 6, 2007 hearing. To refresh his memory, the judge read aloud a portion of the transcript from the September 6, 2007 hearing wherein the court advised Keith of the constitutional rights he was waiving by entering the guilty pleas and the Alford plea and Keith acknowledged that he was entering those pleas. When the judge finished reading the transcript, Keith stated that he did not "remember that happening." The judge informed Keith that he had the right to file a motion to withdraw his pleas. To which Keith responded that he wished to withdraw his pleas. Thereafter, Keith made an oral motion to withdraw his pleas. The court then allowed Keith to make arguments regarding his motion.
 {¶ 16} Keith argued at the hearing that his motion to withdraw his pleas should be granted because he was suffering from an illness during the September 6, 2007 hearing which rendered his plea involuntary. According to Keith, he did not recall entering the pleas. However, Keith later revealed that he recalled details of the hearing including his objection to the amount of jail time credit the court planned to give him. Keith also asserted that he was not completely aware of the "full ramifications of everything that was transpired." Keith contended that his trial counsel did not fully inform him of the true nature of the plea agreement. Lastly, Keith argued that he was innocent of the charges to which he pled.
 {¶ 17} Despite Keith's assertions at the September 12, 2007 hearing that he did not recall entering the pleas, we find no merit in his contention that he did not enter his pleas knowingly, voluntarily and/or intelligently. Keith's contention at the September 12, 2007 hearing that he actually did not understand the nature of his actions because he was suffering from an illness at the time, similarly has no merit. The record reflects that Keith clearly understood the charges in *Page 8 
the indictment and the effect of his pleas to those charges. The judge diligently inquired as to Keith's understanding of the proceedings and constitutional rights he was waiving through his pleas. To all of this, Keith consistently stated that he understood the consequence of his decision and that it was voluntary. See State v. Dunn, 3d Dist. No. 1-02-98, 2003-Ohio-4353 (finding that trial court correctly denied motion to withdraw guilty plea where the appellant claimed she thought she would receive probation, where the appellant stated at plea hearing that she was not impaired or under influence of drugs, judge diligently made several inquiries of the appellant as to her understanding of proceedings, the appellant stated she understood import of her decision, court afforded her opportunities to ask questions, she did not indicate that she was confused, and record did not substantiate alleged probation promise). The trial court afforded Keith numerous opportunities to ask questions, and there was no indication that Keith, who was represented by counsel, did not understand what was occurring or that he was confused about it.
 {¶ 18} In addition, it is clear from the record that Keith was provided an opportunity to present his argument that he was innocent. We find his argument lacked merit, as Keith did not offer any evidence or testimony to support his new claim of innocence. See State v.Morlock, 9th Dist. No. 22840, 2006-Ohio-1043, at ¶ 13 (finding that the appellant was given opportunity to present her argument that the court should grant her motion to withdraw her guilty plea because she was innocent and that her arguments lacked merit because she did not offer any evidence or testimony to support her new claims of innocence).
 {¶ 19} Keith was afforded competent counsel, a full hearing prior to accepting the original pleas, and finally, a full hearing on his motion to withdraw his pleas. Robinson, supra, at ¶ 30; State v. Grays (Oct. 26, 1989), 8th Dist. Nos. 56107 to 56110. Keith has not set forth a legitimate basis for withdrawing his pleas. DeWille, supra, at *1. Consequently, this Court finds *Page 9 
that the trial court did not abuse its discretion by denying Keith's motion to withdraw his pleas. Keith's sole assignment of error is overruled.
 III. {¶ 20} Keith's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. DICKINSON, J. CONCUR
[1] Specifically, the court asked Keith:
 "Do you understand that you have a right to a jury trial or have me as judge determine your case and when you enter a plea of guilty you give up your constitutional right to a jury trial?
 "* * *
 "Do you understand that at trial the prosecutor would have had to prove your guilt beyond a reasonable doubt on every element of the crime for which you are charged?
 "* * *
 "Do you understand your attorney could have obtained witnesses for you at trial by subpoena?
 "* * *
 "Do you understand that if you had chosen not to testify for yourself at trial no one could use your silence against you and you could not be compelled to testify against yourself?"
 To each question, Keith responded: "Yes" or "Yes, I do." *Page 1