OPINION *Page 2 
{¶ 1} Defendant-appellant, Todd A. Davison, appeals from the March 20, 2008, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Withdraw Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 2, 2008, the Stark County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. The victim was appellant's brother. At his arraignment on January 4, 2008, appellant entered a plea of not guilty. A pretrial was scheduled for January 14, 2008.
 {¶ 3} At the pretrial on January 14, 2008, a trial was scheduled for the week of February 19, 2008, and a final pretrial was scheduled for February 4, 2008. The final pretrial was rescheduled to February 1, 2008.
 {¶ 4} As memorialized in a Judgment Entry filed on February 11, 2008, appellant, on February 1, 2008, withdrew his former plea of not guilty and entered a plea of guilty to an amended count of domestic violence, a felony of the fourth degree. The trial court, at the February 1, 2008, plea hearing, stated on the record, in relevant part, as follows:
 {¶ 5} "THE COURT: And that you waive or — excuse me. And that if sentenced to prison, upon your release, you face mandatory post-release control for a period of three years?
 {¶ 6} "THE DEFENDANT: Okay. Say that one (sic) again.
 {¶ 7} "THE COURT: Okay. If I would sentence you to prison, which isn't necessarily the plan, here — *Page 3 
 {¶ 8} "THE DEFENDANT: Okay.
 {¶ 9} "THE COURT: My recollection is we were going to do a PSI, with a referral to the mental health track.
 {¶ 10} "THE DEFENDANT: Okay; I understand.
 {¶ 11} "THE COURT: But if I would sentence you to prison, let's say down the road — let's say your PSI comes back and we reconsidered or you violate the terms of your probation in the future and I end up sentencing you to prison —
 {¶ 12} "THE DEFENDANT: Okay.
 {¶ 13} "THE COURT: — upon your release from prison, then you would face mandatory post-release control.
 {¶ 14} "THE DEFENDANT: I understand that." Transcript of February 1, 2008, hearing at 5-6.
 {¶ 15} At the February 1, 2008, hearing, the trial court also indicated to appellant that it was ordering a pre-sentence investigation and that it was making a referral to the mental health track. Appellant then questioned the court about pretrial release. The trial court told appellant that it would place him on pretrial release provided that appellant could either live with his father or find another place to stay. The trial court indicated to appellant that it did not want him living with the victim of the crime in this case. Appellant, when questioned by the trial court, stated that he could stay at his father's house and that he would not come into contact with his brothers there because his father would make his brothers move out. At the conclusion of the February 1, 2008, hearing, the following discussion took place between appellant and the court: *Page 4 
 {¶ 16} "THE COURT: Um, it will be your responsibility to cooperate with probation, to see that that report is prepared — now, here is the big one: If you don't cooperate, or/and if you get out and if you get in any further trouble, all bets are off. Right?
 {¶ 17} "THE DEFENDANT: Okay. Yeah, I understand what you're saying; I really do.
 {¶ 18} "THE COURT: Okay. I just want to make sure we're clear. Because you're the one who wants out between now and sentencing.
 {¶ 19} "THE DEFENDANT: Okay. Okay. I understand. When you say sentencing, talking about the sentencing, about probation?
 {¶ 20} "THE COURT: Right.
 {¶ 21} "THE DEFENDANT: That's no prison time?
 {¶ 22} "THE COURT: Yeah, but if you get in further trouble while you're out, then that's not a done deal. All right?
 {¶ 23} "THE DEFENDANT: Sentencing on the 10 of, in March, that's no prison, that's not talking about any prison time, right?
 {¶ 24} "THE COURT: Here's what I'm saying: Right now, that where I'm at.
 {¶ 25} "THE DEFENDANT: Okay.
 {¶ 26} "THE COURT: But, between now and the tenth, if you go out and get into another fight with one of your brothers or a fight with somebody else, you're not getting probation, when you come back here on the tenth. Do you understand that?
 {¶ 27} "THE DEFENDANT: I understand what you're saying. *Page 5 
 {¶ 28} "THE COURT: Okay. It's all on you now." Transcript of February 1, 2008, hearing at 15-17.
 {¶ 29} On February 26, 2008, appellant filed a Motion to Withdraw Plea pursuant to Crim. R. 32.1. A hearing on appellant's motion was held on March 10, 2008. At the hearing, appellant's counsel indicated to the trial court that there were two reasons for the motion. At the hearing, appellant's counsel indicated to the trial court that appellant was asserting he was innocent of the charge in this case and also indicated to the trial court that appellant pleaded guilty with the understanding he was going to be released from jail pending sentencing in this matter. Appellant's counsel indicated that appellant had pleaded guilty because he thought he was getting something in exchange for his plea and that, because the court did not place appellant on pretrial release, appellant should be permitted to withdraw his guilty plea. In response, the trial court stated, in relevant part, as follows:
 {¶ 30} "THE COURT: Very well. Ah, Mr., ah, Davison, it is the Court's's (sic) specific recollection that I was going to explore the possibility that your (sic) return home to your father's residence, but there were two requirements to that: Number one, that your father agree that you return there and, number two, that he make your brother, who, you got into the altercation with, leave. Well, unfortunately, both of those conditions could not be met. And I personally spoke to your father about that.
 {¶ 31} "THE DEFENDANT: He told me about that. He told me about that.
 {¶ 32} "THE COURT: Yeah. And, there is no doubt that he told me that you can come back, but he also said that he wasn't going to make your brother leave. So, I don't know what to tell you. *Page 6 
 {¶ 33} "THE DEFENDANT: See, what, I never had a fight with him anyway. That's what I was trying to get the Court to, for the court to understand. It's just that the arrest, that the police put down for me, that's the charge they gave me.
 {¶ 34} "THE COURT: Ah-huh. All right.
 {¶ 35} "THE DEFENDANT: That's the way that went. I have nothing against my brother." Transcript of March 10, 2008, hearing at 6-7.
 {¶ 36} Pursuant to a Judgment Entry filed on March 28, 2008, the trial court denied appellant's Motion to Withdraw Plea. The trial court, in its entry, stated, in pertinent part, as follows:
 {¶ 37} "The court finds that while the defendant may have been hopeful to be released and to be allowed to live with his father, it is quite clear from the record that the defendant was fully aware of the court's authority to not permit his release if his brother was still living at the residence. Further, it is clear that the defendant was not promised or guaranteed by the court that he would be released. In this matter it appears that the defendant is simply unhappy with the possibility of not being released to live with his father."
 {¶ 38} Thereafter, as memorialized in a Judgment Entry filed on March 27, 2008, appellant was sentenced to six months in prison.
 {¶ 39} Appellant now raises the following assignment of error on appeal:
 {¶ 40} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BEFORE SENTENCING PURSUANT TO CRIMINAL RULE 32.1." *Page 7 
 I {¶ 41} Appellant, in his sole assignment of error, argues that the trial court abused its discretion when it denied his Motion to Withdraw Plea pursuant to Crim. R. 32.1. We disagree.
 {¶ 42} Crim. R. 32.1 provides:
 {¶ 43} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 44} Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. However, the Xie Court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 45} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995), 104 Ohio App.3d 236,661 N.E.2d 788, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was *Page 8 
vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim. R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v.Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, Mahoning App. No. 01-C .A.-107, 2002-Ohio-4176, ¶ 58.
 {¶ 46} A trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw a guilty plea. State v. Rosemark (1996), 116 Ohio App.3d 306, 308, 688 N.E.2d 22.
 {¶ 47} In the case sub judice, appellant advised the court at the time of his plea that he had discussed the case with his attorney and was satisfied with his representation. Appellant does not argue, nor is there evidence, that the trial court did *Page 9 
not conduct a thorough Crim. R. 11 hearing in this matter fully detailing appellant's constitutional rights. We further note that appellant entered his guilty plea at the second pretrial in this case, which was eighteen days before the scheduled trial date.
 {¶ 48} At the March 10, 2008, hearing, appellant argued that he should be entitled to withdraw his guilty plea because he was not released pending sentencing and because he was not guilty of the charge.
 {¶ 49} At the time he entered his plea, appellant was advised by the trial court that he would be placed on pretrial release pending sentencing if he could stay with this father and if the victim was not present at the father's house. This, however, did not occur. While appellant's father was willing to let appellant stay at his house, he was unwilling to make appellant's brother, the victim, leave. Appellant knew that these two conditions had to be met for him to be placed on pretrial release at the time he entered his guilty plea.
 {¶ 50} While appellant, at the hearing, argued that he was not guilty of the offense charged in the indictment, appellant has not factually substantiated his claim. Particularly, the record does not indicate that appellant has set forth any specific reasons that provide him with a meritorious defense. See, in contrast, State v. Boyd (Oct. 22, 1998), Franklin App. No. 97APA12-1640, 1998 WL 733717, citing State v.Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788. Appellant did not offer any evidence or testimony supporting his claim of innocence. See,State v. Keith, Lorain App. Nos. 07CA009263, 07CA009267, 07CA009268, 07CA009269, 07CA009270, 07CA009271, 07CA009272, 2008-Ohio-3724. *Page 10 
 {¶ 51} Upon review of the record, we determine that appellant failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty plea. In light of the above circumstances, as well as the fact that the trial court provided appellant with an opportunity to address his arguments, we find that the trial court provided appellant with a full hearing on the motion to withdraw his guilty plea, at which appellant's arguments in support were considered.State v. Rosemark (1996), 116 Ohio App.3d 306, 308, 688 N.E.2d 22;State v. Van Dyke, Lorain App. No. 02CA008204, 2003-Ohio-4788 at ¶ 20.
 {¶ 52} In short, we conclude that appellant was represented by competent counsel, that appellant was afforded a full hearing before entering his guilty plea, and that appellant was afforded a full hearing on his Motion to Withdraw Plea. We cannot find that the trial court's decision to deny appellant's motion to withdraw his guilty plea was arbitrary, unreasonable, or unconscionable. State ex rel. v. Cos.,81 Ohio St.3d 467, 1998-Ohio-329, 692 N.E.2d 198. We find, therefore, that the trial court did not abuse its discretion in denying appellant's Motion to Withdraw Plea. *Page 11 
 {¶ 53} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 54} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 By: Edwards, J. Hoffman, P.J. and Delaney, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1