[Cite as *State v. Shelton*, 2012-Ohio-4482.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 2012CA00024 |
| WILLIAM SHELTON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CR1603


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      September 17, 2012


APPEARANCES:

For Appellant:                        For Appellee:

STEVEN A. REISCH                      JOHN D. FERRERO, JR.
STARK CO. PUBLIC DEFENDER             STARK CO. PROSECUTOR
OFFICE                                RONALD MARK CALDWELL
200 West Tuscarawas St., Suite 200    110 Central Plaza S., Suite 510
Canton, OH 44702                      Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Appellant William Shelton appeals from the January 27, 2012 decision of the Stark County Court of Common Pleas overruling his Motion to Withdraw Plea. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2}   Appellant was charged by indictment with one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the third degree; the offense was predicated upon appellant's three prior convictions of domestic violence.  A statement of the facts underlying appellant's offense is unnecessary to our disposition of this appeal.

{¶3}   On December 29, 2011, appellant appeared before the trial court, with counsel, to withdraw his plea of not guilty and enter a plea of guilty.

{¶4}   At the plea hearing, the trial court engaged in a Crim.R. 11 colloquy with appellant, and then advised a pre-sentence investigation would be completed before sentencing.  The trial court cautioned appellant, however, that while community control was one possibility for sentencing, a prison term was also a possibility:

* * * *.

THE COURT:  I also want to make it straight right up front; it is my inclination to send you to prison for a period of time and, then send you to the SRCCC for treatment; do you understand that?

[APPELLANT:]  I don't know if I'm all the way clear on that.

THE COURT:  Okay, I want to make sure.  I'm going to do what's called a presentence investigation and I'll be open minded and I will be fair, but I am not a big fan of anybody putting their hands on women and you're a repeat

offender, and I've made it very clear that as of today if I had to make the decision I would be sending you to prison and let you apply for what's called judicial release and have you released after a short stint because it's my goal to try to wake you up as to what your problem is, and it seems that you have an alcohol problem, and I'm not bettering the system in any way or protecting women anymore if I don't get you some treatment for that because then if you would come back in front of me again you wouldn't see daylight for a long long time.

So that is the plan. I don't want you walking out of here today thinking by pleading today that you are likely to get straight probation. Does that make sense what I'm telling you?

[APPELLANT:] That makes sense. I just—I was not aware of—could you give maybe more specifics on what the short stint might be?

THE COURT: Could—usually I'd say between 60 days to 6 months is—I guess in some people's eyes that's a short stint. I mean, if I was going down, that would be a long stint. So I guess beauty's in the eye of the beholder.

I also don't know your background, I don't know everything, I don't know what you've done to help yourself since being arrested; that's why I do a pre-sentence investigation.

But I don't want you coming in on sentencing day and thinking you're walking out of my courtroom.

[APPELLANT:] I know that's not going to happen, Your Honor.

THE COURT: Okay. All right.

Just because I accept your application for community control does not mean it's necessarily going to be granted. I can reject it and send you to prison, I can send you to the Stark County Jail, a community based correction facility, as I talked about, to treat you, a halfway house, or allow you to apply for judicial release. Do you understand all those options?

[APPELLANT:] Yes, sir.

* * * *.

{¶5} Appellant thereupon entered his plea of guilty.

{¶6} Appellant next appeared for sentencing on January 23, 2012, and the hearing opened with appellant's counsel stating he wanted to withdraw his guilty plea because appellant "received some new letters from the alleged victim where she states that this incident did not happen." The trial court asked appellant whether the letters were with him in court that day, and he said no. Appellant then stated his "whole concern" with entering a guilty plea was the possibility he might get SRCCC [supervised treatment], but "to me that's been changed, and that's why I want to take my guilty plea back."

{¶7} The trial court clarified appellant would be receiving a one-year prison term in addition to SRCCC; he inquired whether appellant received a full Crim.R. 11 hearing, and appellant admitted his real concern:

* * * *.

[APPELLANT:] Because I'm in trouble with the courts on this charge. I was in trouble with my parole officer, and she had violated me. And everyone worked together with me here to pull this together, and my PO agreed that if I took

SRCCC—in other words, I—I was pleading guilty because everything would fall into place for my benefit for—to take care of my parole officer, to take care of the Court, and more importantly, to get me the treatment/help that I've needed. I've been in prison a lot, as you can tell, and that doesn't seem to be the thing that's helping me. I was—actually I'm really looking forward to going to SRCCC and I'm kind of disappointed that that's not happening that way. So I would like to go back to where we were and start over.

* * * *.

THE COURT: Okay. From what I heard you just say, you are here because you're upset that you're not going to SRCCC and you're going to prison, and that's why you want to change your plea; is that right?

[APPELLANT:] Well, not only that, new evidence has come into the picture.

* * * *.

{¶8}   Appellant requested time to produce letters from the victim, and the trial court stated the letters would be reviewed in camera. The trial court then proceeded to sentence appellant to a prison term of three years with judicial release after one year.

{¶9}   The next day, appellant was back before the trial court with a letter from the victim, which the trial court read into the record. Nothing in the letter exonerated appellant or even touched upon the criminal case, although the victim stated she would make a statement in court if it would help appellant. Instead, the victim reiterated the fact she still loved appellant and would send him money.

{¶10} The trial court noted nothing in the letter exonerated appellant, and went on to detail appellant's criminal history of assaults, domestic violence offenses, disorderly conduct, and failure to report.

{¶11} Appellant further argued, however, that evidence existed the victim was not credible. He asserted the victim has been convicted of making false statements and proffered the testimony of a police officer who would testify, he claimed, that the victim was not credible.

{¶12} Ultimately, the trial court overruled appellant's motion to withdraw his guilty plea, noting the significant injuries sustained by the victim plus appellant's criminal record. In the judgment entry, the trial court noted it "reviewed the alleged evidence of truthfulness, discussed the case with [appellant] and found no confusion of his plea, and factored in the parameters of *St. v. Fish*. The Court's sentence was consistent with the plea offer, and the Court reviewed [appellant's] lengthy criminal record."

{¶13} Appellant now appeals from the trial court's judgment entry overruling his Motion to Withdraw Plea.

{¶14} Appellant raises one Assignment of Error:

{¶15} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

I.

{¶16} Appellant argues in his sole assignment of error the trial court should have allowed him to withdraw his plea because the sentence appellant received was increased from what appellant was originally told, he presented newly-discovered

evidence which constituted a valid defense to the charge, and appellee would not have been prejudiced. We disagree.

{¶17} Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. No. CT2008-0011, 2008-Ohio-6328, ¶ 32, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶18} The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *State v. Xie*, supra, 62 Ohio St.3d 521 at paragraph two of the syllabus. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *State v. Xie*, supra, 62 Ohio St.3d at 525, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶20} In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 661 N.E.2d 788 (1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. Id., 104 Ohio App.3d at 240. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison*, 5th Dist. No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. No. 01-CA-107, 2002-Ohio-4176, ¶ 58.

{¶21} In this case, the trial court thoroughly advised appellant of the rights he waived at the time the guilty plea was entered. Appellant does not claim otherwise. The trial court then brought appellant back for sentencing upon completion of the pre-sentence investigation, and continued the hearing for a day to allow appellant to collect the letters that would allegedly exonerate him. Appellant was represented by counsel at each hearing.

{¶22} Appellant argues he should have been able to withdraw his plea because the trial court initially stated he could apply for judicial release after a period of 60 days

to 6 months, but then increased the prison term to a year. The cases appellant directs us to are inapposite because in this case, there was no erroneous assumption on the part of the trial court and appellant. We have reviewed the record and find the trial court repeatedly advised appellant his sentence would depend upon the findings of the pre-sentence investigation because the trial court didn't know appellant's background. At sentencing, the trial court was aware of appellant's criminal history of violence and the extent of the victim's injuries in the underlying offense.

{¶23} Finally, we note a trial court does not abuse its discretion in disallowing a pre-sentence withdrawal of a guilty plea where the motion is motivated by "a change of heart and an attempt to reduce the original sentence." *State v. Carrington*, 5th Dist. No. 2010CA00228, 2011-Ohio-3228, ¶ 11. It is evident from the record appellant's motion to withdraw his guilty plea was premised upon dissatisfaction with the trial court's sentence and rejection of straight SRCCC.

{¶24} Appellant also argues now that "new evidence" was discovered after appellant's guilty plea. Assuming the new evidence is the letter presented to the trial court, appellant told the trial court he received "some new letters from the victim where she states this incident did not happen." The trial court asked appellant when he received the letters and he stated "sometime in the last couple weeks." Appellant was brought back the next day, "letters" in hand. The trial court read one letter into the record, and it neither stated the incident did not happen, nor exonerated appellant. Appellant also asserted a police officer would testify to the victim's general lack of credibility, but appellee noted there was no information in the case to indicate the victim was not truthful, she made a police report, and her visible injuries were

consistent with her statements. Appellant has neither factually substantiated his claim nor offered any evidence or testimony supporting his innocence. See, *State v. Davison*, 5th Dist. No. 2008-CA-00082, 2008-Ohio-7037, ¶ 50, citing *State v. Boyd*, 10th Dist. No. 97APA12-1640, 1998 WL 733717 (Oct. 22, 1998) and *State v. Keith*, 9th Dist. Nos. 07CA009263, 07CA009267, 07CA009268, 07CA009269, 07CA009270, 07CA009271, 07CA009272, 2008-Ohio-3724.

{¶25} Appellant was represented by competent counsel, was afforded a full hearing before entering his guilty plea, and was afforded a full hearing upon his motion to withdraw his guilty plea.

{¶26} Upon review, therefore, we find the trial court did not abuse its discretion in overruling appellant's motion to withdraw his plea of guilty. Appellant's sole assignment of error is overruled.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Shelton*, 2012-Ohio-4482.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM SHELTON | : | |
| | : | |
| | : | Case No. 2012CA00024 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER