[Cite as *State v. Campbell*, 2014-Ohio-2823.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DANIEL J. CAMPBELL | : | Case No. 13-CA-57 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 2012-CR-0193


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   June 25, 2014


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOCELYN S. KELLY                            SCOTT P. WOOD
239 West Main Street                        144 East Main Street
Suite 101                                   P.O. Box 667
Lancaster, OH  43130                        Lancaster, OH  43130

*Farmer, P.J.*

{¶1} On May 4, 2012, the Fairfield County Grand Jury indicted appellant, Daniel Campbell, on two counts of robbery in violation of R.C. 2911.02. Said charges arose from an incident involving the theft of merchandise at a Walmart. After appellant was stopped and questioned, he pulled out a knife and fled the scene.

{¶2} On June 27, 2012, appellant filed a motion to determine competency to stand trial. A psychiatric evaluation was ordered. Following a hearing wherein the evaluation was stipulated to, the trial court found appellant was competent to stand trial. See, Entry filed August 29, 2012.

{¶3} On December 4, 2012, appellant pled guilty to one of the robbery counts and the remaining count was dismissed.

{¶4} On December 17, 2012, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. A hearing was held on January 31, 2013. By journal entry filed March 20, 2013, the trial court denied the motion.

{¶5} After retaining new counsel, appellant filed a second motion to withdraw his guilty plea on May 14, 2013. A hearing was held on June 21, 2013. By journal entry filed July 9, 2013, the trial court again denied the motion.

{¶6} By judgment entry filed August 9, 2013, the trial court sentenced appellant to three years in prison.

{¶7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶8}  "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING."

I

{¶9}  Appellant claims the trial court erred in denying his motions to withdraw his guilty plea pursuant to Crim.R. 32.1 made prior to sentencing.  We disagree.

{¶10}  Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.  A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *State v. Xie,* 62 Ohio St.3d 521 (1992), paragraph one of the syllabus.  "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."  *Id.* at paragraph two of the syllabus.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶11}  In *State v. McNeil,* 146 Ohio App.3d 173, 175-176 (1st Dist.2001), our brethren from the First District explained the following:

It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be "freely and liberally granted."***Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.***In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges. (Footnotes omitted.)

{¶12} Prior to sentencing, appellant filed two different motions to withdraw his guilty plea, one on December 17, 2012 with a hearing on January 31, 2013, and the second on May 14, 2013 with a hearing on June 21, 2013.

{¶13} The first withdrawal motion claimed a "concern regarding the advice provided to him by counsel." At the hearing, defense counsel summarized appellant's reason for the motion as a post-plea conflict regarding appellant's assessment of the

case versus defense counsel's assessment of the case, and appellant's belief that he would be acquitted after a trial. January 31, 2013 T. at 5, 7. Defense counsel explained he disagreed with appellant's belief of the potential outcome. *Id.* at 9. Appellant did not dispute or challenge the Crim.R. 11 colloquy. *Id.* The state argued there is a videotape of appellant unloading over $200 worth of merchandise which was hidden on his person, and pulling a knife on the loss prevention officer and fleeing the scene. *Id.* at 13-14, 17. Appellant's vehicle and license plate number are also on videotape. *Id.* at 14, 17. Employees described and identified appellant. *Id.* at 14. The state argued the real reason for the motion was appellant's "cold feet," "change of heart," and his awareness of the sentencing guidelines. *Id.* at 16, 18.

{¶14} In its March 20, 2013 journal entry denying this motion, the trial court provided a detailed decision, outlining appellant's arguments and addressing numerous factors:

> The Defendant's reason for withdrawing his pleas is "…Mr. Campbell's concern regarding the advice provided to him by counsel." Motion to Withdrawal plea 12/17/2012. At defense counsel's request, the Defendant sent defense counsel a written request to withdraw his plea. The request was made December 13, 2012 indicating that "...he, (the Defendant) wished to withdraw his plea and proceed to trial. Upon further reflection, the Defendant disagreed with counsel's advice concerning the strengths or weaknesses of a defense to the charges and believes he is not guilty of the charges." Defendant's Reply filed January 11, 2012. "The

Defendant also has indicated that he now disagrees with the advice of counsel as to the availability of defenses to the charges and believes that he is not guilty."  Defendant's Reply filed January 11, 2013.

The Court has reviewed the recording of the Defendant's plea hearing held on December 4, 2012.

In *State v. Shelton*, 2012-Ohio-4482 (Ohio App. 5 Dist.) the Court of Appeals set out some factors for a court to consider in determining whether to grant a defendant's request to withdraw a plea prior to sentencing.  Those factors and this court's attention to those factors are set forth as follows:

1. Will vacating the plea prejudice the prosecution?  There is no evidence that the prosecution would be prejudiced.

2. Was the Defendant represented by highly competent counsel? The Defendant's attorney has had many years of experience representing people in juvenile, misdemeanor, and felony cases.  The attorney, in this court's opinion, is highly qualified.

3. Was the Defendant given a full Crim. R. 11 hearing?  Yes, the court has reviewed the recording of the hearing.  The Defendant acknowledged that he was satisfied with his attorney's representation, and that the attorney was able to answer, to the Defendant's satisfaction, questions, if any, the Defendant had about the plea paperwork.  Based on the colloquy, the court was convinced that the Defendant knowingly, voluntarily, and intelligently entered his plea.  There is nothing about the

plea hearing that would alert anyone that the Defendant was struggling with the advice given to him by counsel, or with his decision to plead guilty.

4. Has the court given full and fair consideration to the motion? Yes. The Defendant filed his Motion to Withdrawal Plea on December 17, 2012. On January 11, 2013, the Defendant filed a second pleading: Reply to State's Memorandum Contra Defendant's Motion to Withdraw Plea. The court denied defense counsel's request to withdraw as counsel. An oral hearing was held on January 13, 2013 on the Defendant's Motion to Withdrawal Plea. This Journal Entry reflects the court's review of all pleadings and consideration of the Defendant's arguments at the oral hearing.

5. Was the timing of the motion reasonable? Yes, the Defendant promptly filed his motion.

6. What are the reasons for the motion? The stated reasons are that the Defendant is not satisfied with his attorney's advice as to the availability of defenses, and the Defendant believes that he is not guilty, although the details of these reasons are vague.

7. What are the reasons for the motion? As stated above, the details of the reasons are vague. After considering the plea hearing and there being no indication at the time of the plea hearing that the Defendant was not satisfied with his attorney's representation and his (the

Defendant's) decision to plead guilty, the Defendant simply appears to have changed his mind about pleading guilty.

8. Did the Defendant understand the nature of the charge and the potential sentence? As stated above, the Defendant's Netcare Forensic Center competency report and a review of the plea colloquy reveal that the Defendant understood the nature of the charge and potential range of sentence.

9. Is the Defendant perhaps not guilty of the crime or does he have a complete defense to the crime? The alleged facts are, according to the State, on Walmart surveillance video. Further, after leaving the store with shoplifted merchandise, two Walmart security officers had face-to-face contact with the Defendant when he allegedly drew a knife on them. The Defendant had raised his competency as an issue. However, as the psychological report clearly indicates, and as this court found, the Defendant is competent to stand trial. While competent defense counsel may be able to make some arguments for acquittal to a jury, the weight of the evidence appears to be in favor of the State. Certainly, there seems to be no "complete defense to the crime".

The evidence and arguments before the court as well as the recorded court proceedings demonstrate that the Defendant's plea was knowingly, voluntarily, and intelligently entered.

{¶15} In his second withdrawal motion, appellant claimed he "did not have effective assistance of counsel in making the decision to change his plea." At the hearing, appellant testified, stating he met with his first counsel six or seven times and they discussed the evidence against him and the available defenses. June 21, 2013 T. at 8. His counsel advised him to plead guilty to one count of robbery, even though up until then, appellant wanted a jury trial because he felt he was not guilty. *Id.* at 8-11. Appellant believed the knife he used was not a deadly weapon; however, he trusted his counsel's advice and changed his plea. *Id.* at 12-13. Appellant changed his mind the day after the plea hearing after calling "a police station" and being informed that a knife was not a deadly weapon. *Id.* at 16-17. Appellant offered the following explanation about his guilty plea (*Id.* at 20-21):

Q. So Daniel, if you had to summarize as to why you entered a plea of guilty on December 4th to robbery, when you yourself felt you were not guilty, can you explain to the Court why you did that?

A. That I relied on the advice of Mr. Fields, and contrary to what I had looked up, because I knew that Mr. Fields knew what he was doing and that I could have probably been making a mistake, and my own research.

Q. And then after you entered your plea, what was your reason for deciding that you wanted to withdraw that plea?

A. My own research and the advice of others and my belief that I didn't commit robbery.

Q. Do you still hold that belief today that you did not commit robbery?

A. I do.

Q. Is it your desire to have a jury decide whether or not you've committed robbery?

A. Yes, it is.

Q. And it's your desire to ask for the Court to withdraw your plea of guilty and allow you to have a jury trial; is that correct?

A. Yes.

Q. Is there anything else you want the Court to consider with regard to this motion to withdraw your plea?

A. That I believe the evidence is in my favor and that it'll show that I didn't commit robbery.

{¶16} On cross-examination, appellant described the knife as a folding pocket knife with a 2½ inch blade. *Id.* at 22. Appellant admitted to stealing over $200 worth of merchandise, being stopped by a loss prevention officer, pulling the knife out, and fleeing the scene. *Id.* 23-25. Appellant claimed the loss prevention officer "assaulted" him and he was "acting in self-defense" to his being detained for the theft. *Id.* at 23, 27. Appellant conceded he discussed the defense of self-defense with his first attorney. *Id.* at 27. On redirect, appellant explained that after he unloaded all of the stolen merchandise, the manager wanted him to sign a "packet of papers" which he refused to do. *Id.* at 31. Appellant stated he was going to leave, whereupon the loss prevention

officer grabbed his coat collar and would not permit him to leave. *Id.* at 31-32.
Appellant stated he "became afraid" and pulled the knife out and escaped. *Id.* at 32.
Again, the state argued the entire incident was on videotape. *Id.* at 49-50, 51, 52.

{¶17} In its July 9, 2013 journal entry denying this motion, the trial court found
the following:

> On June 21, 2013, a hearing was held which exceeded one hour
> and consisted of testimony by the Defendant and oral argument by
> Counsel.
>
> The testimony elicited from the Defendant revealed: The Defendant
> and his attorney had met on at least six occasions to discuss his case;
> The video of the event giving rise to the charge was given to the
> Defendant by his Counsel, Mr. Fields; The Defendant discussed his belief
> that he acted in self-defense with his Counsel, Mr. Fields; The Defendant
> described what happened at Wal-Mart that gave rise to the charge against
> him; The Doctor who evaluated the Defendant in this case advised the
> Defendant to trust his attorney, Mr. Fields; The Defendant's mother
> advised the Defendant to trust his attorney, Mr. Fields; The Defendant did
> trust the legal advice given to him by his Counsel, Mr. Fields; The
> Defendant called the Lancaster Police station and an unnamed person
> told him that the knife that he used during the incident was "not a deadly
> weapon"; The Defendant talked to his Counsel, Mr. Fields; The Defendant
> contacted Andrew Stevenson, Attorney-at-Law, and "he helped", but the

Defendant had already discussed his plea with his Counsel, Mr. Fields; the Defendant did not sleep the night before the plea hearing as he had a stomach virus and was "throwing up"; The Defendant was taking "stomach medicine"; and The Defendant disagrees with the advice given by his Counsel, Mr. Fields.

At the conclusion of the evidence, during rebuttal argument, Counsel for the Defendant, Mr. Wood, stated, in part: "…to make the record clear, we are not arguing ineffective assistance of counsel," but that the Defendant disagreed with the advice given him by his attorney, Mr. Fields.

\*\*\*

The evidence and arguments before the court as well as the recorded court proceedings demonstrate that the Defendant's plea was knowingly, voluntarily, and intelligently entered, that the Defendant relied on the advice of Counsel, and that the Defendant simply changed his mind. There is no evidence, and now no claim, that there was ineffective assistance on the part of the Defendant's Counsel, Mr. Fields so the Court need not address that issue.

{¶18} Appellant freely admitted to discussions with his first counsel about his available defenses, i.e., the knife was not a deadly weapon and self-defense, to seeing the videotape, and trusting his counsel's advice. June 21, 2013 T. at 8, 12, 26-27, 35, 37. During the plea hearing and the Crim.R. 11 colloquy, appellant affirmed to the trial

court that he was satisfied with his attorney, understood the possible penalties, and was not under the influence of any substances that affected his ability to think and understand. December 4, 2012 T. at 5-11. During the second motion to withdraw hearing, defense counsel explained appellant was not making the argument that he was under the influence of medication during the plea hearing and therefore his plea "wasn't a knowing, voluntary, intelligent waiver." June 21, 2013 T. at 58.

{¶19} We concur with the trial court assessment that appellant's guilty plea was knowingly, voluntarily, and intelligently entered, and appellant "simply changed his mind." There is no likelihood of an acquittal given that the entire incident is on videotape and appellant admitted to the theft, pulling the knife, and escaping. Appellant merely experienced a "change of heart" which was not based on any reasonable or legitimate reason for the withdrawal of his guilty plea. "It was within the trial court's province to determine whether appellant's reasons were reasonable and legitimate. We defer to the trial court's judgment in evaluating the 'good faith, credibility and weight' of appellant's motivation and assertions in entering and attempting to withdraw his plea." *State v. Hamilton*, 5th Dist. Muskingum No. CT2008-0011, 2008-Ohio-6328, ¶ 54, citing *Xie, supra*.

{¶20} Upon review, we find the trial court did not abuse its discretion in denying appellant's motions to withdraw his guilty plea.

{¶21} The sole assignment of error is denied.

{¶22}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 602