[Cite as *State v. Puckett*, 2012-Ohio-4841.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12CA12 |
| DAVID R. PUCKETT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 2011 CR 0163


JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      October 15, 2012



APPEARANCES:

For Appellant:                       For Appellee:

CHARLES M. BROWN                     JAMES J. MYER
76 North Mulberry Street             RICHLAND COUNTY PROSECUTOR
Mansfield, OH 44902                  JOHN C. NIEFT
                                     38 South Park Street
                                     Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant David R. Puckett appeals from the October 14, 2011 judgment entries of conviction and sentence in the Richland County Court of Common Pleas. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} A statement of the facts underlying appellant's conviction is unnecessary to our disposition of this appeal.

{¶3} Appellant was charged by indictment with 15 criminal offenses and accompanying specifications as follows: Count I, failure to register [R.C. 2950.04(A)(2)(a), felony of the first degree]; Count II, felonious assault with a repeat violent offender specification [R.C. 2903.11(A)(1)/R.C. 2941.149, felony of the second degree]; Count III, felonious assault with a repeat violent offender specification [R.C. 2903.11(A)(2)/R.C. 2941.149, felony of the second degree]; Count IV, kidnapping with a repeat violent offender specification and sexual motivation specification [R.C. 2905.01(A)(4)/R.C. 2941.149/R.C. 2941.147, a felony of the first degree]; Count V, kidnapping with a repeat violent offender specification and sexual motivation specification [R.C. 2905.01(A)(3)/R.C. 2941.149/R.C. 2941.147, a felony of the first degree]; Count VI, abduction with a repeat violent offender specification and sexual motivation specification [R.C. 2905.02(A)(2)/ R.C. 2941.149/R.C. 2941.147, a felony of the third degree]; Count VII, rape with a repeat violent offender specification and sexually violent predator specification [R.C. 2907.02(A)(2)/R.C. 2941.149/R.C. 2941.148, a felony of the first degree]; Count VIII, unlawful sexual conduct with a minor with a sexually violent predator specification [R.C. 2907.04(A)(1)/R.C. 2941.148,

a felony of the second degree]; Count IX, aggravated robbery with a repeat violent offender specification [R.C. 2911.01(A)(1)/R.C. 2941.149, a felony of the first degree]; Count X, aggravated robbery with a repeat violent offender specification [R.C. 2911.01(A)(3), a felony of the first degree]; Count XI, kidnapping with a repeat violent offender specification and a sexual motivation specification [R.C. 2905.01(A)(4)/R.C. 2041.149/R.C. 2941.147, a felony of the first degree]; Count XII, rape with a repeat violent offender specification and a sexually violent predator specification [R.C.2907.02(A)(2)/R.C. 2941.149/R.C. 2941.148, a felony of the first degree]; Count XIII, attempted rape with a repeat violent offender specification and a sexually violent predator specification [R.C. 2923.02(A)/R.C. 2907.02(A)(2)/R.C. 2941.149/R.C. 2941.148, a felony of the second degree]; Count XIV, felonious assault with a repeat violent offender specification [R.C. 2903.11(A)(1)/R.C. 2941.149, a felony of the second degree]; and Count XV, kidnapping with a repeat violent offender specification and a sexual motivation specification [R.C. 2905.02(A)(2)/R.C. 2941.149/R.C. 2941.147, a felony of the third degree].

{¶4} Appellant appeared with counsel before the trial court on October 10, 2011 to withdraw his previously entered pleas of not guilty and to enter pleas of guilty to all 15 charges. Appellee noted appellant agreed to plead guilty to each charge plus the specifications, although the specifications would merge for purposes of sentencing.

{¶5} The trial court explained the rights appellant waived by entering pleas of guilty. The trial court also advised appellant that he would be sentenced to a prison

term of 25 years to life,[1] and that this prison term would be served consecutively to any prison term imposed for charges appellant faced in Arkansas.

{¶6} Appellant returned to the trial court on October 13, 2011 for sentencing and stated he wanted to withdraw his pleas of guilty. Upon inquiry by the trial court, appellant stated he talked to his family and while he was guilty of some counts, he was not guilty of others. He stated he agreed to plead guilty only because he was negotiating for the "best time frame possible" but did not believe he would be convicted of all the charges if he went to trial.

{¶7} The trial court advised appellant he could face a maximum sentence of 112 years to life, and pointed out the rape charges alone could result in sentences longer than the 25-years-to-life which the trial court intended to impose. Appellant asked how much time he will actually have to serve and whether he might be eligible for "good time" credit. The trial court responded he would not be eligible for parole until he served 25 years.

{¶8} Appellant then said he wanted to maintain his guilty plea, and the trial court noted he therefore withdrew his request to withdraw his guilty plea.

{¶9} Appellee corrected the trial court and pointed out the resulting term would be 23 years to life: 3 years on Count I (failure to register), and 10 years to life on both Counts VII and XII (rape).

{¶10} Prior to imposition of sentence, appellee commented on appellant's criminal history. In 1994, appellant raped a 69-year-old woman and was sentenced to

---

[1] The resulting sentence at the sentencing hearing on October 13 was 23 years to life, but several times the trial court refers to "25 to life." At sentencing, appellee pointed out the trial court's error in calculation.

a prison term of 40 years, but was released in 16 years. Appellant was therefore indicted upon repeat violent offender and sexually violent predator specifications in the instant case. Perhaps because of problems with alcohol, appellant re-offended in this case: he kidnapped, raped, and stabbed a 14-year-old boy, and lured a woman to a house, raped her at knifepoint, and attempted to rape her again. At sentencing, appellant also had active warrants for his arrest in Arkansas due to parole violations.

{¶11} The trial court then sentenced appellant to an aggregate prison term of 23 years to life.

{¶12} Appellant now appeals from the judgment entry of his convictions and sentence.

{¶13} Appellant raises two Assignments of Error:

{¶14} "I. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, IN ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION IN ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

{¶15} "II. THE TRIAL COURT ERRED IN FAILING TO PERMIT DEFENDANT-APPELLANT TO WITHDRAW HIS PREVIOUS GUILTY PLEA IN VIOLATION OF DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND OHIO RULE OF CRIMINAL PROCEDURE 32.1."

I.

{¶16} In his first assignment of error, appellant argues he received ineffective assistance of counsel.  We disagree.

{¶17} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶18} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶19} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶20} In the instant case, appellant bases his allegation of ineffective assistance upon his statement at sentencing that he did not want to enter guilty pleas because he was not guilty of all of the charges.  Appellant asks us to infer from the

record that he did not understand the plea because of some deficiency by counsel, but does not point to any such deficiency in the record.

{¶21} ). We are required to indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and appellant has not demonstrated any evidence in the record to overcome the presumption that counsel was effective. We cannot infer from appellant's brief change of heart that trial counsel was incompetent.

{¶22} We do not find trial counsel's representation of appellant to have been ineffective and appellant's first assignment of error is therefore overruled.

II.

{¶23} In his second assignment of error, appellant argues the trial court should have permitted appellant to withdraw his guilty plea. We disagree.

{¶24} Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. No. CT2008-0011, 2008-Ohio-6328, ¶ 32, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶25} The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an

appellate court unless the trial court abused its discretion. *State v. Xie*, supra, 62 Ohio St.3d 521 at paragraph two of the syllabus. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *State v. Xie*, supra, 62 Ohio St.3d at 525, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶27} In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. Id., 104 Ohio App.3d at 240. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea

agreement." *State v. Davison*, 5th Dist. No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. No. 01-CA-107, 2002-Ohio-4176, ¶ 58.

{¶28} In the instant case, we first note the trial court never overruled appellant's motion to withdraw his guilty plea; instead, the trial court acknowledged appellant's own withdrawal of the motion.

{¶29} When the trial court inquired why appellant wanted to withdraw his plea, appellant explained he was not guilty of all of the charges and was negotiating to get the "best time frame" possible. The trial court explained the nature of the charges he faced, including two counts of rape plus specifications which could each result in prison terms of 25 years to life. The trial court also pointed out appellee's only interest in the plea deal was avoiding making the minor victim testify at trial; otherwise appellee would have demanded a term of 50 years to life.

{¶30} There is simply no basis in this record from which we can conclude the trial court abused its discretion in addressing appellant's motion. Not only was the motion ultimately withdrawn, but it is evident that appellant's last-minute change of heart was related to length of his ultimate sentence, not to his claim of innocence to "some" of the charges.

{¶31} We find the trial court did not abuse its discretion because appellant withdrew his motion. Appellant's second assignment of error is therefore overruled.

{¶32} Having overruled both of appellant's assignments of error, the judgment of the Richland County Court of Common Pleas is hereby affirmed.

By: Delaney, P.J.

Gwin, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Puckett*, **2012-Ohio-4841.**]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID R. PUCKETT | : | |
| | : | |
| | : | Case No. 12CA12 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the

Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER