[Cite as *State v. Pickering*, 2021-Ohio-2579.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KENNETH PICKERING | : | Case No. 20-CA-00019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 19-CR-0074


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 27, 2021


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOSEPH A. FLAUTT        RICHARD A. L. PIATT
111 North High Street        713 South Front Street
P.O. Box 569        Columbus, OH 43206
New Lexington, OH 43764-0569

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Kenneth Pickering appeals the November 25, 2020 Judgment of the Perry County Court of Common Pleas which denied his motion to withdraw his pleas of guilty. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 19, 2019, Appellant drove his Jeep left of center on Tunnel Hill Road in Perry County and struck the victim, driving her white Nissan Rouge, head on. The victim suffered serious physical harm as a result. After being transported from the scene of the crash to the hospital, Appellant was found to be in possession of oxycodone, a schedule two substance, and alprazolam, a schedule four substance.

{¶ 3}   On October 30, 2019, the Perry County Grand Jury returned an indictment charging Appellant with one count of aggravated possession of drugs for the oxycodone, one count of possession of drugs for the alprazolam, two counts of operating a vehicle under the influence of alcohol, drugs, or a combination of them, and two counts of aggravated vehicular assault.

{¶ 4}   Appellant was arraigned on November 22, 2019 and was appointed counsel on November 25, 2019. A jury trial was set for March 26, 2020. The state provided discovery to Appellant on January 14, 2020. The jury trial was continued twice before Appellant's first counsel was permitted to withdraw on July 22, 2020 due to a conflict of interest. New counsel was appointed to represent Appellant the same day.

{¶ 5}   On July 31, 2020, the state again filed discovery with a notice of service to Appellant's newly appointed counsel. The jury trial was continued two more times before the Appellant and the state negotiated a plea agreement. On October 20, 2020, two days

before his scheduled jury trial, Appellant pled guilty to aggravated possession of drugs a felony of the fifth degree, possession of drugs, a felony of the fifth degree, and vehicular assault, a felony of the third degree. The state agreed to dismiss the remaining charges. A presentence investigation was ordered and sentencing set for October 30, 2020, but was continued to November 16, 2020.

{¶ 6} Three days before the sentencing hearing, through a third attorney, Appellant moved to withdraw his guilty pleas. On November 16, 2020, the trial court provided Appellant with a hearing on his motion to dismiss before denying the same. Appellant was then sentenced to an aggregate prison term of five years.

{¶ 7} Appellant filed an appeal and the matter is now before this court for consideration. He raises one assignment of error for our consideration as follows:

I

{¶ 8} "THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA"

{¶ 9} In his sole assignment of error Appellant argues the trial court erred in failing to grant his motion to withdraw his guilty pleas. We disagree.

{¶ 10} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must

determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶ 12} The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.*

{¶ 13} The factors to be considered when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist.2000).

{¶ 14} In the instant matter, the state does not argue it would be prejudiced if Appellant had been permitted to withdraw his plea. We do note, however, Appellant's case had been pending for 13 months and trial dates continued several times. He opted

to plead guilty 2 days before his scheduled jury trial and then to file his motion to withdraw his pleas 3 days before his sentencing hearing.

{¶ 15} Appellant makes numerous claims of ineffective assistance of counsel, alleging he had the same problems with two different attorneys, each failing to provide him with discovery and each failing to meet with him to discuss trial strategy or file motions Appellant believed should be filed.

{¶ 16} To demonstrate ineffective assistance, Appellant needed to show (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced Appellant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." Strickland at 694, 104 S.Ct. 2052.However, as noted above, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 264, 3 O.O.3d at 404, 361 N.E.2d at 1326 (1977).

{¶ 17} During the hearing Appellant testified his first attorney had failed to provide him with the discovery in this matter, and had failed to meet with him outside of scheduled court dates. Transcript of Hearing to Withdraw Pleas and Sentencing 14, 16. Appellant further testified he had the same issues with his second attorney, eventually receiving his discovery through the mail 30 days before trial. Id. 16-19. Appellant also indicated his second attorney had failed to file motions he had requested him to file, and had failed to

meet with him to discuss trial strategy. Id. 21-23. Finally, Appellant stated he was scared to go to trial with a lawyer he felt was unprepared and further, had been advised by his attorney that if he rejected the plea agreement his penalty could double. Appellant testified he therefore felt he had no choice but to enter guilty pleas. Id. 37.

{¶ 18} The trial court specifically found Appellant less than credible. Judgment Entry November 25, 2020 at 5. We will not disturb the trial court's credibility determinations on appeal. We additionally note that during his change-of-plea hearing, Appellant indicted he was satisfied with his counsel's representation and that he had gone over his Criminal Rule 11 plea form with his attorney, read it, and understood it. Transcript of Plea at 5, 7. Further, advising a client he could be facing more time following a trial than what he would receive by accepting the state's plea offer in no way constitutes deficient performance. We find Appellant has failed to demonstrate deficient performance by counsel or prejudice thereby.

{¶ 19} Upon review of Appellant's plea hearing, we find he was provided with a thorough Crim.R. 11 change-of-plea hearing. Appellant indicted his understanding of the nature of the charges against him as well as the potential penalties. Transcript of plea 5-14.

{¶ 20} The record also reflects Appellant was provided with a thorough hearing on his motion to withdraw his pleas. The trial court denied Appellant's motion on the record and additionally issued a judgment entry outlining its reasoning for denying the motion. While Appellant accuses the trial court of deciding the matter based only on the age of the case, the trial court addressed the appropriate factors in its November 25, 2020

judgment entry. We find the trial court gave full and fair consideration to Appellant's motion.

{¶ 21} Appellant did not directly allege he was not guilty or had a complete defense to the charges. During the hearing and here on appeal, however, Appellant did allude to some possible improper handling issues concerning vials of Appellant's blood which were sent to the crime lab. However, as the state points out, the plea agreement dismissed all charges pertaining to the presence of drugs or alcohol in Appellant's blood. Appellant presented no evidence to support a conclusion that he was not guilty of the remaining charges. Indeed, Appellant lodged no objection to the state's recitation of the facts during his plea hearing and indicated they were in fact substantially correct. Transcript of Plea, 13-14.

{¶ 22} We conclude the trial court did not abuse its discretion by denying Appellant's motion to withdrawal his guilty pleas as the record supports a finding that appellant understood the nature of the charges and possible penalties, was given a full Crim.R. 11 hearing, a full and fair hearing and consideration to his motion to withdraw his plea, and because Appellant failed to demonstrate either of his first two attorneys had rendered ineffective assistance. Appellant's sole assignment of error is overruled.

{¶ 23}   The judgment of the Perry County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.




EEW/rw