[Cite as *State v. Beeker*, 2022-Ohio-1430.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 00072 |
| ANDREW BEEKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:  Appeal from the Licking County Court of
Common Pleas, Case No. 20 CR 605

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  April 28, 2022

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor

JENNY WELLS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

JARED BRANKAMP
Brankamp Law, LLC
765 S. High Street
Columbus, Ohio 43206

*Hoffman, J.*

{¶1} Defendant-appellant Andrew Beeker appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of guilty to four counts of rape (R.C. 2907.02(A)(1)(b), R.C. 2907.02(A)(2)), one count of gross sexual imposition (R.C. 2907.03(A)(4)), and three counts of sexual battery (R.C. 2907.02(A)(5)), and sentencing him to an aggregate term of incarceration of 20 years to life. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At 7:22 a.m. on Thursday, November 5, 2020, Licking County Dispatch received a call from a man who advised them the friend of his daughter reported she was raped by Appellant. The victim was Appellant's fourteen-year-old daughter, and reported the rape occurred at the residence she shared with Appellant. The victim told police the sexual abuse began when she was around 11 years of age. The victim reported Appellant engaged in numerous acts of sexual conduct and sexual contact with her, including digital penetration and mouth to genital contact, when she was 11, 12, and 13 years old. She disclosed the sexual activity occurred multiple times per week in her bedroom and Appellant's bedroom. She reported the sexual activity progressed to sexual intercourse in 2020, and intercourse occurred four times prior to the incident which had occurred that morning. Law enforcement effectuated a controlled call and execution of a search warrant at Appellant's home. Appellant made admissions to police at this time. A rape kit was collected, and Appellant's DNA was located in the victim's underwear, and in her vaginal and anal swabs.

{¶3} On November 18, 2020, the Licking County Grand Jury returned an indictment charging Appellant with four counts of rape, two counts of gross sexual

imposition, and four counts of sexual battery.  On the morning of trial, July 13, 2021, Appellant entered negotiated pleas of guilty to eight counts, and the State dismissed one count of gross sexual imposition and one count of sexual battery.  The trial court continued the case to August 25, 2021 for sentencing.

{¶4}   On August 24, 2021, Appellant filed a motion to withdraw his plea.  In his motion, he argued his judgment at the time of his plea was impaired by mental illness, stress, fear, anxiety, insomnia and a list of powerful medications he was taking, including an increased dosage of Ativan the night before trial.  He attached his medical records to the motion.

{¶5}   The trial court held a hearing on the motion to withdraw the plea on August 25, 2021, prior to sentencing.  In addition to the medical records provided by Appellant, the trial court had before it the transcript of the plea proceedings, as well as the presentence investigation report which included a detailed psychological evaluation of Appellant conducted on April 20, 2021.  At the hearing, Appellant represented he had slept only an hour a day for over a month, and did not remember anything from the day of his plea.

{¶6}   The trial court overruled the motion to withdraw the plea.   The trial court found as follows:

As the Court states on the record, the Court found in considering the factors set out above that the majority of the factors augured [sic] in favor of denying the Defendant's motion to withdraw his plea.  The Defendant's

major complaint was that he could not now sleep and was unable to comprehend what was occurring.

The Court noted through the doctor notes presented by Defendant and attached to the motion that the Defendant was experiencing anxiety, which the Court determined to be typical of a person undergoing the stress of court proceedings. The Court also noted these medical records were done by a teledoc system whereby the Defendant could simply obtain a visit with his doctor. The doctor never requested the Defendant to appear personally, and the Court noted the treating physician with this documentation was a family physician and not a psychologist/psychiatrist or a mental health professional, nor did the doctor indicate in any place that the Defendant needed to be referred to a mental health professional, nor did she express any opinion that he should not be participating in court proceedings or was unable to do so. Most of the complaints made by the Defendant were self-serving and bore [sic] out by the medical records, which showed also his increasing anxiety about his impending sentencing. The Court noted the Defendant's counsel was of high regard, that the plea colloquy appeared complete, and that no evidence of any issue involving mental health or otherwise appeared at the hearing or was present to anyone else. A presentence investigation report and its attached psychological evaluation are also filed under seal ·in the court record and made a part of the file.

**{¶7}** Judgment entry, August 26, 2021.

**{¶8}** The trial court sentenced Appellant to an aggregate term of incarceration of 20 years to life. It is from the August 26, 2021 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRESENTENCE MOTION TO WITHDRAW PLEA BECAUSE IT EFFECTIVELY USED THE WRONG STANDARD.

II. APPELLANT WAS GIVEN INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL DID NOT REQUEST A COMPETENCY EVALUATION WHEN APPELLANT WAS NOT COMPETENT.

I.

**{¶9}** In his first assignment of error, Appellant argues the trial court abused its discretion in denying his presentence motion to withdraw his guilty pleas.

**{¶10}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶11}** Generally, a presentence motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. However, the *Xie* court indicated a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, "[a] trial court must

conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The court further held "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Accordingly, in order to find the trial court abused its discretion, a reviewing court must find the court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527, 584 N.E.2d 715.

**{¶12}** In reviewing a trial court's decision to deny a presentence motion to withdraw a guilty plea, this Court has previously adopted the factors as set forth in *State v. Fish,* 104 Ohio App. 3d 236, 661 N.E.2d 788 (1st Dist. Hamilton 1995), *overruled on other grounds by State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056:

In reviewing a trial court's decision regarding a motion to withdraw a plea, the court *in State v. Fish* (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties;

and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *Id.* at 240, 661 N.E.2d 788. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. *State v. Lambros* (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Kramer*, Mahoning App. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58.

{¶13}  *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45.  *See, also, State v. Shelton,* 5th Dist. Stark No. 2012CA00024, 2012-Ohio-4482, ¶ 20; *State v. Pickering*, 5th Dist. Perry No. 20-CA-00019, 2021-Ohio-2579, ¶ 13; *State v. Lewis,* 5th Dist. Delaware No. 20 CAA 06 0025, 2021-Ohio-530, ¶ 39.

{¶14} As to the first factor, the State conceded in its memorandum contra Appellant's motion to withdraw the State would not necessarily be prejudiced by the withdrawal of the plea.  However, the State noted the victim is a juvenile who had been traumatized multiple times having to prepare for trial, and was able to move forward after the plea, believing Appellant was taking responsibility for his crimes.

{¶15} The second factor to be considered is whether Appellant was represented by highly competent counsel.   The trial court noted at the hearing on the motion to withdraw the plea Appellant was represented by highly competent counsel, who had represented other people in similar cases.   Appellant argues counsel was not competent

because he did not move for a competency evaluation, and because counsel misinformed Appellant and his family the plea could be withdrawn at any time before sentencing and the sentence would be ten years to life.

{¶16} We note Appellant's contention he was misinformed regarding withdrawal of the plea and the sentence he would receive is unsupported by the record. Appellant did not raise this claim in his motion to withdraw the plea, nor did he raise it at the hearing.

{¶17} Appellant also represents counsel said in eighteen years he has never been so worried about a client as he was about Appellant. Appellant mischaracterizes the record. Counsel for Appellant did not make this statement on the record. Instead, the medical records reflect Appellant told his doctor counsel made this statement.

{¶18} A defendant is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as a factual understanding of the proceedings against him. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 82, *citing Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Nothing in the psychological evaluation filed under seal in this case as part of the presentence investigation demonstrates Appellant's mental health issues rose to the level of incompetence to stand trial. Likewise, while the medical records demonstrate Appellant experienced increasing anxiety, difficulty sleeping, and other mental health issues in the days leading up to trial, the medical records also demonstrate Appellant had an understanding of the proceedings against him. He indicated to his doctor he was worried he would not be able to handle court, he was afraid of becoming emotional when he saw his daughter in court, and he was afraid he would never see his family or his cat again.

While Appellant's doctor wrote a letter expressing he was not competent at the time he entered the plea, this letter was dated October 20, 2021, and not filed until October 21, 2021, after the trial court had rendered judgment on the motion to withdraw the plea and had sentenced Appellant. Finally, we note in his motion to continue the trial, filed April 12, 2021, counsel for Appellant represented:

Defendant has been engaged in an in-depth psychological assessment at Forum Ohio with licensed clinical and forensic psychologist Jenna Wade. Defendant began this process with Directions counseling in February, 2021. Soon thereafter Defendant was referred to Forum Ohio as Defendant presented potential psychological issues that were beyond that counselor's expertise. On February 16, 2021, Defendant engaged with Forum and the final interview was conducted on April 8, 2021. After discussions with Psy. D. Wade, it was determined that Defendant presented certain disorders that would be relevant to his defense in this matter. While these diagnoses do not appear to negate his competence, they do likely explain his atypical response to controlled call and demeanor, response with investigating and arresting officers and his atypical interactions with the prosecution's witness M.B.

{¶19} Thus, it is apparent counsel for Appellant considered the issue of competence, and engaged Appellant with appropriate services to determine if competency to stand trial was a relevant consideration in this case.

{¶20} Appellant concedes he was given a full Crim. R. 11 hearing. Likewise, Appellant concedes he was given a hearing on his motion to withdraw his plea, but argues the hearing was not impartial and the trial court did not give fair consideration to his arguments. We disagree. While Appellant may not agree with the conclusions the trial court reached on his motion to withdraw his plea, the record demonstrates the court gave full and fair consideration to his motion. The trial court reviewed the medical records, the transcript of the plea hearing, and the psychological assessment filed with the presentence investigation.

{¶21} The sixth factor is whether the motion was made within a reasonable time. The motion was filed less than 24 hours before sentencing, shortly after counsel received the necessary medical records to present to the court. We find the motion was made within a reasonable time.

{¶22} The seventh factor is whether the motion sets forth specific reasons for withdrawal of the plea. The motion in the instant case sets forth specific reasons for withdrawal of the plea, based on the attached medical records.

{¶23} The eighth factor is whether Appellant understood the nature of the charges and the possible penalties at the plea hearing. We note Appellant provides information in his brief regarding the possible effects of the various medications Appellant was taking and of the specific dosages he was taking, some without reference, and some citing to medical articles. None of this information was provided to the trial court for consideration. The trial court had only the notes from Appellant's medical records, which listed the medications, but did not include information regarding normal dosage, nor did the records

demonstrate how these medications could affect Appellant's ability to understand the plea proceedings or to voluntarily enter a plea.

**{¶24}** Appellant cites to the letter from his doctor filed October 21, 2021, suggesting he was not able to make a rational decision on the day he entered his plea; however, the trial court did not have this medical opinion before it at the time it ruled on Appellant's motion. The only notation in the medical records suggesting Appellant may be on a higher dosage of medication than usual at the time of the plea hearing is found in the medical records from July 12, 2021. The doctor wanted to prescribe Lunesta. Appellant was afraid of the medication because he had not used it before, and was afraid of oversleeping and missing court. The doctor noted, "Agreed to just have him take an extra Ativan before bed so he can get some rest." The record does not indicate this extra Ativan is above the normal dosage, as nothing in the record demonstrates what the normal dosage was compared to the dosage Appellant had previously been prescribed. Further, this extra Ativan was suggested by a medical doctor who was fully aware Appellant was going to appear in court the next day.

**{¶25}** The transcript of the plea hearing demonstrates Appellant appeared fully aware of what was occurring and was able to engage the court in appropriate dialogue regarding his understanding of the charges and the possible penalties. At the hearing on his motion to withdraw the plea, Appellant went back and forth between stating he couldn't remember the plea hearing at all, to stating he didn't understand what was happening at the plea hearing, which were self-contradictory statements. Further, the medical records from July 15, 2021, demonstrate Appellant informed the doctor he pled guilty, and thus he remembered entering the plea in the days following the hearing.

**{¶26}** The final consideration is whether the accused was possibly not guilty, or had a defense to the crime. The record demonstrates in addition to the statements of the victim, during a controlled call, Appellant made admissions to the sexual abuse of his daughter. A rape kit was collected and analyzed, and Appellant's DNA was located in the victim's underwear and in vaginal and anal swabs. While Appellant cites to numerous articles challenging the reliability of DNA evidence, none of this information was before the trial court and is therefore not properly before this Court at this time.

**{¶27}** Considering all of the factors set forth above, we find the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his plea. The first assignment of error is overruled.

II.

**{¶28}** In his second assignment of error, Appellant argues his trial counsel was ineffective for failing to move for a competency evaluation.

**{¶29}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶30}** A defendant is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as a factual understanding of the proceedings against him. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 82, *citing Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

**{¶31}** Nothing in the psychological evaluation filed under seal in this case as part of the presentence investigation demonstrates Appellant's mental health issues rose to the level of incompetence to stand trial. Likewise, while the medical records demonstrate increasing anxiety, difficulty sleeping, and other mental health issues in the days leading up to trial, the records demonstrate Appellant had an understanding of the proceedings against him. He indicated to his doctor he was worried he would not be able to handle court, he was afraid of becoming emotional when he saw his daughter in court, and he was afraid he would never see his family or his cat again. While Appellant's doctor wrote a letter expressing Appellant was not competent at the time he entered the plea, this letter was dated October 20, 2021, and not filed until October 21, 2021, after the trial court had rendered judgment on the motion to withdraw the plea and had sentenced Appellant. Finally, we note in his motion to continue the trial, filed April 12, 2021, counsel for Appellant represented Appellant had been undergoing an in-depth psychological assessment at Forum Ohio, and it appeared his diagnoses would not negate competence. Thus, it is apparent counsel for Appellant considered the issue of competence, and engaged Appellant with appropriate services to determine if competency to stand trial was a relevant consideration in this case.

{¶32} We find Appellant has not demonstrated counsel's performance fell below a reasonable standard of representation, nor has Appellant demonstrated had counsel moved for a competency evaluation, he would have been found incompetent to stand trial.

{¶33} The second assignment of error is overruled.

{¶34} The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur