[Cite as *State v. McConnell*, 2022-Ohio-2244.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0062 |
| TERREL MCCONNELL | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
Pleas, Case No. CR2021-0153


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        June 28, 2022


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
TAYLOR P. BENNINGTON
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

SAMUEL H. SHAMANSKY
DONALD L. REGENSBURGER
ASHTON C. GAITANOS
SAMUEL H. SHAMANSKY CO., LPA
523 South Third Street
Columbus, Ohio 43215

*Wise, John, J.*

**{¶1}** Defendant-Appellant Terrel McConnell appeals his conviction entered in the Muskingum County Court of Common Pleas on one count of attempted murder, one count of discharging a firearm over a roadway, and one count of tampering with evidence, following a guilty plea.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On March 1, 2021, Robert Gladden reported to law enforcement that he had been shot. Following an investigation, Appellant Terrel McConnell and his two brothers, Jamarr McConnell and Juan McConnell, were identified as the shooters.

**{¶5}** An argument between Appellant and Mr. Gladden had previously occurred outside of Mr. Gladden's home on Bates Street in Zanesville. Appellant and his brothers returned to Bates Street, waited across the street from Mr. Gladden's house, and once Mr. Gladden walked outside his residence they began shooting. Both Mr. Gladden and his house were struck by bullets. Officers recovered 23 spent shell casings.

**{¶6}** A nearby surveillance video captured Appellant and Jamarr leaving a residence on Pine Street, just a few houses down from the victim's home, immediately before the shooting. One of the men was carrying a nylon bag, which was large enough to have a rifle contained within it. The video showed that individual running across Pine Street. Two or three minutes later, Jamarr returned carrying the bag, but now there was a jacket covering it up. Appellant arrives back at the Pine Street house. He's seen and identified with a female leaving through the front door. Then another female goes out the

door. They all run to a Chevy Malibu. Also, at that point, Jamarr is seen sitting at the house with an unknown object. Appellant then runs across Pine Street and tosses Jamarr a cell phone. Jamarr gets in the Chevy Malibu and leaves the scene.

{¶7} Officers were able to execute a warrant at Appellant's Pine Street address on March 3, 2021. Inside, they found several empty AR-15 magazines. One of them was partially loaded with the same round type and head stamp manufacturer as all of the rounds found at the shooting scene. Also inside the house were three ski masks that were royal blue, light blue, and navy blue in color. Mr. Gladden had identified the shooter as having a blue ski mask on. Mr. Gladden was later shown the ski masks, and he identified them and recognized them from the shooting.

{¶8} Officers also located a plastic baggie with a white rock substance. That baggie was located in a room along with credit cards and prescriptions for Appellant. That substance was collected, submitted for testing, and found to be 8.396 grams of Cocaine. Appellant was indicted on Possession of Drugs in a separate case. (Case No. CR2021-0143).

{¶9} On March 17, 2021, Appellant was indicted on seventy-one (71) counts as follows:

Count 1: Attempted Murder, with a firearm specification, felony of the first degree

Counts 2-24: Felonious Assault, with firearm specifications, felonies of the second degree

Counts 25-47: Improperly Discharging a Firearm at or into a Habitation, with firearm specifications, felonies of the second degree

Counts 48-70: Discharging a Firearm over a Public Roadway, with firearm specifications, felonies of the third degree

Count 71: Tampering with Evidence, a felony of the third degree

**{¶10}** A jury trial was scheduled on the matter for August 3, 2021.

**{¶11}** On July 21, 2021, Appellant entered pleas of guilty to one count of Attempted Murder, a felony of the first degree, one count of Discharging a Firearm over a Roadway, as amended, a felony of the third degree, and one count of Tampering with Evidence, a felony of the third degree.

**{¶12}** On September 3, 2021, Appellant filed a motion to withdraw guilty pleas.

**{¶13}** On September 29, 2021, a hearing was held on the motion. The trial court denied the motion and proceeded to sentencing. The trial court sentenced Appellant to a mandatory minimum sentence of seven (7) years and an indefinite prison term of ten and a half (10 ½) years on the one count of Attempted Murder, felony of the first degree, thirty-six (36) months on the one count of Discharging a Firearm over a Roadway, as amended, a felony of the third degree, and thirty-six (36) months on the one count of Tampering with Evidence, a felony of the third degree.

**{¶14}** In accordance with the plea agreement, the trial court ordered the periods of incarceration imposed on Discharging over a Roadway and Tampering with Evidence be served concurrently with one another, but consecutive to the Attempted Murder count and to the 12-month sentence imposed in Case No. CR2021-0143, for an aggregate minimum prison sentence of eleven (11) years, of which seven (7) of those years are mandatory time, and an indefinite prison sentence of fourteen and a half (14 ½) years.

{¶15} Appellant now appeals, raising the following assignment of error for review:

**ASSIGNMENT OF ERROR**

{¶16} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY RELYING ON FACTUAL FINDINGS THAT WERE UNSUPPORTED BY THE RECORD AND BY DENYING APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS."

**I.**

{¶17} In his sole assignment of error, Appellant argues the trial court abused its discretion in denying his presentence motion to withdraw his guilty pleas. We disagree.

{¶18} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶19} Generally, a presentence motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. However, the *Xie* court indicated a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The court further held "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Accordingly, in order to find the trial court abused its discretion, a reviewing court must find the court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527, 584 N.E.2d 715.

**{¶20}** In reviewing a trial court's decision to deny a presentence motion to withdraw a guilty plea, this Court has previously adopted the factors as set forth in *State v. Fish,* 104 Ohio App. 3d 236, 661 N.E.2d 788 (1st Dist. Hamilton 1995), *overruled on other grounds by State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056:

In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in *State v. Fish* (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *Id.* at 240, 661 N.E.2d 788. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. *State v. Lambros* (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about

the plea agreement." *State v. Kramer*, Mahoning App. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58.

**{¶21}** *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45. *See, also, State v. Shelton,* 5th Dist. Stark No. 2012CA00024, 2012-Ohio-4482, ¶ 20; *State v. Pickering*, 5th Dist. Perry No. 20-CA-00019, 2021-Ohio-2579, ¶ 13; *State v. Lewis,* 5th Dist. Delaware No. 20 CAA 06 0025, 2021-Ohio-530, ¶ 39.

**{¶22}** As to the first factor, the State does not argue that it would necessarily be prejudiced by the withdrawal of the plea.

**{¶23}** The second factor to be considered is whether Appellant was represented by highly competent counsel. Here, we find that Appellant's counsel negotiated a plea deal which amended the attempted murder charge to a lesser degree and called for the dismissal of 68 of the 71 counts. Further, counsel had prepared and filed a detailed motion to suppress evidence in this case.

**{¶24}** As to the third, fourth and fifth factors, the record reflects that Appellant was given a full Crim.R. 11 hearing. Likewise, Appellant was given a hearing on his motion to withdraw his plea and the record demonstrates the court gave full and fair consideration to his motion. The trial court reviewed the medical records, the transcript of the plea hearing, and the psychological assessment filed with the presentence investigation.

**{¶25}** The sixth factor is whether the motion was made within a reasonable time. The motion was filed approximately six weeks after Appellant entered his guilty pleas, and three weeks prior to the sentencing hearing, shortly after the hiring of new counsel. We find the motion was made within a reasonable time.

{¶26} The seventh factor is whether the motion sets forth specific reasons for withdrawal of the plea. The motion in the instant case sets forth specific reasons for withdrawal of the plea, claiming he was concerned that his former attorney would not have adequately represented him at trial, that he could not independently afford another attorney, and that he was concerned that expressing those fears during his plea hearing could have "blown up" the plea deal. (Sent. T. at 4-5).

{¶27} The eighth factor is whether Appellant understood the nature of the charges and the possible penalties at the plea hearing. The trial court noted during the hearing on the motion to withdraw that Appellant had a good understanding of the criminal justice system, having been previously involved in a case. Nothing in the record demonstrates that Appellant did not understand the plea proceedings or voluntarily enter his plea.

{¶28} The transcript of the plea hearing demonstrates Appellant appeared fully aware of what was occurring and was able to engage the court in appropriate dialogue regarding his understanding of the charges and the possible penalties.

{¶29} The final consideration is whether the accused was possibly not guilty, or had a defense to the crime. The record does not demonstrate that Appellant put forth any such evidence to the trial court.

{¶30} Again, as set forth above, a mere change of heart is not sufficient to serve as the basis for a pre-sentence motion to withdraw a guilty plea. *State v. Drake*, 73 Ohio App.3d 640.

{¶31} Considering all of the factors set forth above, we do not find that the trial court abused its discretion in overruling Appellant's motion to withdraw his plea.

**{¶32}** Appellant's sole assignment of error is overruled.

**{¶33}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.


By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.


JWW/kw  0621